# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

BRYAN C. ZESIGER; DR. GINA MONTALBANO ZESIGER; and Z&M TWISTED VINES WINERY AND VINEYARD, LLC, a federally recognized and federally funded agricultural enterprise operating under Farm Service Agency Farm No. 8994,

Plaintiffs.

v.

BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS;

MISTY BROWN, in her official capacity as County Counselor and Kansas Open Records Act Officer; and

MELISSA [LNU], in her official capacity as employee of the Leavenworth County Planning & Zoning Department,

Defendants.

**Case No. 2:25-cv-02323-JAR-RES**

---

## SECOND AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE AND COMPENSATORY RELIEF

---

## I. INTRODUCTION

1. Plaintiffs Bryan C. Zesiger and Dr. Gina Montalbano Zesiger own and operate Z&M Twisted Vines Winery and Vineyard, LLC, a federally recognized agricultural enterprise operating under Farm Service Agency Farm Number 8994 and participating in the USDA Value-Added Producer Grant and Agritourism programs.
2. For the entire period of ownership, and long before it, the property at 24305 Loring Road has been recorded as agricultural land under state and federal records. Plaintiffs are recognized by both the Kansas Department of Agriculture and the USDA as a specialty-crop operation engaged in viticulture and enology.
3. Despite these designations and federal protections, Leavenworth County has treated Plaintiffs and their farm differently from other similarly situated agricultural enterprises by imposing a Special Use Permit (SUP) and commercial tax classification while exempting others.
4. This action seeks relief under 42 U.S.C. § 1983, the Fourteenth Amendment, and federal agricultural statutes to remedy unequal treatment and arbitrary enforcement of county zoning and tax laws.
5. The retained records were later used to justify imposition of a Special Use Permit ("SUP") and commercial tax assessment against Z&M —a federally protected farm

1

winery—creating an unconstitutional burden on agriculture and unequal taxation within Leavenworth County.

6. This Amended Complaint follows Judge Julie A. Robinson's Memorandum and Order (Doc. 9, Oct. 2 2025), which granted leave to amend to correct pleading deficiencies and identify the proper defendants.

## II. JURISDICTION AND VENUE

7. Jurisdiction exists under 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction lies under 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. § 1391(b).

## III. PARTIES

9. Bryan Zesiger is a U.S. Army veteran, former Apache Longbow pilot, and Kansas farmer residing at 24305 Loring Road, Lawrence, Kansas. He manages Z&M Twisted Vines, a farm winery recognized by the Kansas Department of Agriculture and the USDA as a specialty-crop enterprise. Mr. Zesiger curated House Bill 2254 which later became a portion of Senate Bill 410 in 2024 rectifying taxation of agritourism entities.

10. Dr. Gina Montalbano Zesiger is a former elementary principal residing at the same address. She is co-owner of Z&M Twisted Vines and President of the Kansas Viticulture and Winemaking Association and Board Member of the Kansas Specialty Crops Association.

11. Z&M Twisted Vines Winery and Vineyard, LLC ("Z&M Twisted Vines") is a federally recognized agricultural entity operating under Farm Service Agency (FSA) Farm No. 8994. It has received federal acknowledgment and funding through USDA Value-Added Producer Grants and holds state-level certification as a Kansas farm winery. Z&M Twisted Vines is the operating farm winery located on Plaintiffs' property at 24305 Loring Road, Lawrence, Kansas. The federal FSA Farm Number 8994 and the associated USDA Value-Added Producer Grant are officially assigned to Z&M Vineyard Destination Kansas, LLC, an affiliated entity wholly owned and managed by Plaintiffs Bryan C. Zesiger and Dr. Gina Montalbano Zesiger. Z&M Twisted Vines operates the vineyard and winery on that federally designated agricultural property and utilizes the same land, facilities, and FSA registration in daily operations. Both entities function together as a single, federally recognized agricultural enterprise under Plaintiffs' ownership, forming the core of Plaintiffs' farm, vineyard, and winery operations.

12. Defendant Board of County Commissioners of Leavenworth County, Kansas ("BOCC") is a municipal body politic and the proper party for suit under K.S.A. § 19-105.

13. Defendant Misty Brown, in her official capacity as County Counselor and KORA Officer, is responsible for responding to public-records requests and ensuring compliance with federal and state privacy obligations.

14. Defendant Melissa [LNU], in her official capacity as an employee of the Leavenworth County Planning & Zoning Department, was directly involved in returning Plaintiffs' records without documentation or oversight.

---

## IV. FACTS AND FEDERAL AGRICULTURAL CONTEXT

15. Between 2018 and 2022, Defendants required Plaintiffs to submit confidential federal agricultural materials—including IRS Schedule F and a business plan used for USDA funding—to support the County's review of Z&M Twisted Vines' operations: (1) IRS Schedule F farm-income records; (2) a proprietary business plan prepared for USDA Value-Added Producer and Agritourism grant applications; and (3) financial data shared under the Kansas Farm Winery Act. Congress and USDA protect confidential producer data and support value-added agriculture through the Agricultural Marketing Act and Value-Added Producer Grants, 7 U.S.C. § 1621 et seq.; 7 U.S.C. § 1632a; and confidentiality protections for agricultural information, 7 U.S.C. § 2276, together with the Trade Secrets Act, 18 U.S.C. § 1905. By misusing federally linked data to impose local restrictions, Defendants acted in conflict with federal policy and the Supremacy Clause.

16. Defendants retained those records for nearly five years without authorization or notice and later used them in connection with a Special Use Permit and commercial tax assessment. On April 23 2025 Defendant Melissa [LNU] returned them in a sealed envelope in a public hallway while Plaintiffs were walking into a scheduled appointment with the County Appraiser, stating, "This has been in the vault since 2019." Melissa did not produce any other documentation such as a custody log, deletion record, or supervisory authorization. This entire interaction was recorded (Exhibit B).

17. Plaintiffs filed a formal KORA request (Exhibit C) for investigation into the handling of their records. Defendant Misty Brown denied that request without legal citation or explanation.

18. The County's mishandling occurred while using the retained business plan to impose a Special Use Permit (SUP) and classify Z&M Twisted Vines as a commercial property subject to a tax rate exceeding neighboring agricultural parcels. Comparable entities in Leavenworth County—Beyond Paradise Vineyard, a distillery classified as "hobby," Forever Fencing LLC, Circle B Farm, and others—were not required to obtain SUPs or were taxed as agricultural property. BOTA's findings confirmed the County could not rationally explain such differences. This action directly contradicts federal policy promoting agritourism and value-added agriculture.

19. The USDA and Congress have codified protections for agricultural innovation under 7 U.S.C. §§ 1621, 1622, 2276, and 1632a, recognizing that farm business plans submitted for federal or state purposes contain confidential data not subject to public disclosure.

20. Federal law also criminalizes disclosure of confidential commercial information by government officers under 18 U.S.C. § 1905.

3

21. By retaining and using Plaintiffs' business plan to support a regulatory classification that burdened their federally protected agricultural enterprise, Defendants acted contrary to the Supremacy Clause and federal agriculture policy.
22. Plaintiffs suffered continuing harm through (a) denial of equal tax treatment; (b) emotional and reputational injury from exposure of sensitive data; and (c) erosion of trust in public institutions charged with protecting private records.

## V. CLAIMS FOR RELIEF UNDER 42 U.S.C. § 1983 AND THE UNITED STATES CONSTITUTION

### Count I — Violation of Procedural Due Process

(Fourteenth Amendment — Denial of Notice and Opportunity to Be Heard)

23. Plaintiffs Bryan and Gina Zesiger and Z&M Twisted Vines Winery and Vineyard reallege ¶¶ 1–22.
24. Under Mathews v. Eldridge, 424 U.S. 319 (1976), the government may not deprive a person of property or liberty without notice and a meaningful opportunity to be heard.
25. Defendants deprived Plaintiffs of that right when they:
    a. Retained Plaintiffs' confidential agricultural and tax documents for nearly five years without notice or statutory authority;
    b. Used those documents in regulatory deliberations culminating in the imposition of a Special Use Permit and commercial-tax classification; and
    c. Denied Plaintiffs' formal KORA investigation request without citation, explanation, or review procedure.
26. Those acts constitute deprivation of both property (use of proprietary business information) and liberty (the right to pursue agricultural enterprise free of arbitrary classification) without procedural safeguards.
27. Defendants' conduct violates the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

### Count II — Violation of Substantive Due Process and Informational Privacy

(Fourteenth Amendment — Right to Confidential Information in Government Custody)

28. Plaintiffs Bryan and Gina Zesiger and Z&M Twisted Vines Winery and Vineyard reallege¶¶ 1–27.
29. The Supreme Court recognizes a constitutional interest in avoiding disclosure of personal and confidential information. Whalen v. Roe, 429 U.S. 589 (1977); Nixon v. Administrator of GSA, 433 U.S. 425 (1977).
30. Plaintiffs' IRS Schedule F and proprietary business plan contained sensitive financial and operational data protected under federal agriculture policy (7 U.S.C. § 1621 et seq.; 18 U.S.C. § 1905).

4

31. Plaintiffs had a legitimate expectation that these materials would remain confidential and used solely for limited regulatory compliance.
32. Defendants retained and later circulated those materials within County offices, allowing access to employees outside the original regulatory purpose.
33. No chain-of-custody documentation exists, and Defendants refused to identify all personnel with access since 2019.
34. Such conduct constitutes reckless disregard for Plaintiffs' substantive-due-process right to privacy and violates 42 U.S.C. § 1983.

---

## Count III — Denial of Access to Courts

(First and Fourteenth Amendments — Christopher v. Harbury, 536 U.S. 403 (2002))

35. Plaintiffs Bryan and Gina Zesiger and Z&M Twisted Vines Winery and Vineyard reallege ¶¶ 1–34.
36. Under Christopher v. Harbury, a plaintiff must show (a) an underlying non-frivolous claim and (b) governmental acts that frustrated its pursuit.
37. The underlying claim here is Plaintiffs' challenge to Leavenworth County's improper taxation and zoning of their farm winery and vineyard as commercial rather than agricultural property (see Zesiger v. Kelly, 2:25-cv-02354-EFM-RES*).*
38. By withholding KORA-requested records and concealing the use of Plaintiffs' business plan, Defendants obstructed Plaintiffs' ability to substantiate that claim and present evidence of discriminatory enforcement.
39. Defendants' refusal to investigate or release records constitutes intentional suppression of documents interfering with court access, prohibited by Christopher v. Harbury, 536 U.S. 403 (2002).
40. The resulting injury includes increased litigation costs, delayed judicial review, and erosion of Plaintiffs' right to a meaningful hearing.

---

## Count IV — Equal Protection and Arbitrary Treatment of Agricultural Property

(Fourteenth Amendment — Allegheny Pittsburgh Coal Co. v. County Comm'n of Webster County, 488 U.S. 336 (1989))

41. Plaintiffs Bryan and Gina Zesiger and Z&M Twisted Vines Winery and Vineyard reallege ¶¶ 1–40.
42. The Equal Protection Clause forbids irrational and unequal taxation of similarly situated properties.
43. Defendants used Plaintiffs' confidential business plan—containing projected sales and agritourism models—to justify the imposition of a Special Use Permit and commercial tax classification not applied to other vineyards or farms in Leavenworth County.
44. This classification increased Plaintiffs' assessed value beyond that of certain commercial retailers.

45. The County's disparate treatment lacked any legitimate state purpose and violated equal-protection principles articulated in Allegheny Pittsburgh Coal Co. v. County Comm'n of Webster County, 488 U.S. 336 (1989).

46. Defendants' actions reflect arbitrary decision-making, intentional discrimination against agritourism enterprises—including Z&M Twisted Vines, a federally recognized agricultural enterprise—and unequal application of Kansas property-tax law.

---

## Count V — Municipal Liability Under

## Monell v. Department of Social Services

47. Plaintiffs Bryan and Gina Zesiger and Z&M Twisted Vines Winery and Vineyard reallege ¶¶ 1–46.

48. Under Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipality is liable under § 1983 when an official policy or custom causes a constitutional deprivation.

49. Defendant Misty Brown, as County Counselor and designated KORA Officer, denied Plaintiffs' investigation request and determined that no further inquiry would occur. That denial constitutes a policy decision by a final policymaker under Pembaur v. City of Cincinnati, 475 U.S. 469 (1986).

50. Defendant Board of County Commissioners ratified Brown's policy through inaction and failure to correct her decision, thereby endorsing the constitutional violations described above.

51. Defendants' cumulative actions reflect deliberate indifference to federal and state statutory duties to protect confidential agricultural information and to ensure equal treatment of agricultural enterprises.

52. As a direct result, Plaintiffs suffered continuing harm including reputational injury, loss of business opportunity, and impairment of their constitutional rights.

---

## Count VI — Violation of Federal Agricultural Policy and Preemption (Declaratory Relief)

53. Plaintiffs Bryan and Gina Zesiger and Z&M Twisted Vines Winery and Vineyard reallege ¶¶ 1–52.

54. Federal statutes governing agriculture, including 7 U.S.C. § 1621 et seq. and § 1632a, establish a national policy encouraging agritourism and value-added farming.

55. Defendants' misuse of federally protected agricultural data to impose a Special Use Permit and commercial-tax status conflicts with and is pre-empted by federal law under the Supremacy Clause, U.S. Const. art. VI, cl. 2.

56. A declaratory judgment is necessary to clarify that the County's regulatory scheme, as applied to Z&M Twisted Vines, a federally recognized agricultural enterprise, is inconsistent with federal policy and unconstitutional as enforced.

---

## VI. ONGOING HARM, PUBLIC POLICY, AND DECLARATORY RELIEF

### A. Ongoing Harm and Continuing Injury

57. Defendants' conduct has inflicted continuing harm on Plaintiffs, including:
a. Emotional distress and loss of confidence in the integrity of public institutions;
b. Delay and obstruction in pursuing underlying tax and zoning claims;
c. Diminished business reputation and lost economic opportunity due to misclassification and uncertainty of property status;
d. Erosion of constitutional and statutory trust obligations between agricultural producers and local governments.

58. Each day Defendants retain or fail to disclose the full record of who accessed Plaintiffs' proprietary materials compounds the injury and undermines Plaintiffs' participation in future USDA and state agricultural programs.

59. The County's inconsistent and arbitrary treatment of Z&M Twisted Vines Winery and Vineyard, a federally registered agricultural enterprise, threatens not only Plaintiffs' livelihood but also undermines the federal and state frameworks designed to encourage agritourism and value-added agriculture. Congress, through the Agricultural Marketing Act and the Value-Added Producer Grant program, has established a national policy promoting fair access to agricultural markets and uniform protection of producer data. When local officials disregard those principles and administer zoning or taxation without transparency or good faith, they frustrate that federal policy and erode public confidence in lawful governance. The Supreme Court has recognized that due process requires government decision-makers to act impartially and in good faith in administering public programs. Marshall v. Jerrico, Inc., 446 U.S. 238, 249 (1980); Mathews v. Eldridge, 424 U.S. 319 (1976). Defendants' failure to apply consistent standards to federally supported agricultural enterprises, and their refusal to account for the mishandling of Plaintiffs' federally linked records, constitute the kind of arbitrary and biased administration that the Due Process Clause forbids.

### B. Governmental Misconduct and Negligence

60. The five-year retention of Plaintiffs' business plan without authorization, followed by its unlogged hallway return, evidences gross negligence, willful indifference, and systemic custodial failure. Such prolonged and undocumented retention of federally linked materials also contravenes federal record-management and confidentiality standards that require government entities to safeguard and properly dispose of sensitive information obtained in connection with federally supported programs. See 44 U.S.C. § 3101 et seq. (Federal Records Act) and 7 U.S.C. § 2276 (protection of agricultural producer data). These lapses reflect a breakdown in the duty of care expected of any public agency that handles federally connected agricultural information.

61. The Kansas Supreme Court has held that agencies must act in good faith and cannot shield misconduct behind procedural evasions. Telegram Publishing Co. v. Kansas Department of Transportation, 275 Kan. 779 (2003). Federal law imposes the same obligation: the Due Process Clause demands fair administration and good-faith execution of statutory duties by all governmental actors. See Marshall v. Jerrico, Inc.,

7

446 U.S. 238, 249 (1980) (government decision-makers must act impartially and in good faith). Defendants' conduct violates these overlapping federal and state duties of candor and accountability.

62. Defendants' refusal to comply with KORA or produce investigative documentation violates both state and federal expectations of transparency, due process, and privacy protection. The same actions also contravene federal norms embodied in the Freedom of Information Act, 5 U.S.C. § 552, and in the constitutional principle that citizens are entitled to meaningful access to information necessary to protect their rights. By disregarding both state and federal transparency mandates, Defendants have engaged in conduct inconsistent with the open-government standards that underpin the rule of law.

## C. Public Policy Justification

63. This action seeks not only to redress individual injury but to uphold the public's confidence that confidential documents submitted to government entities will be protected from misuse and arbitrary disclosure.

64. If left uncorrected, Defendants' conduct risks establishing a precedent that deters farmers, veterans, and small agricultural entrepreneurs from participating in USDA and state value-added programs—contrary to the goals of Congress and the Kansas Legislature.

## D. Federal Preservation and Notice

65. Plaintiffs hereby preserve all claims for appellate review and additional pleadings under Rule 15(d), incorporating by reference the constitutional authorities of Monell v. Department of Social Services, Christopher v. Harbury, Whalen v. Roe, Nixon v. Administrator of GSA, Allegheny Pittsburgh Coal Co., and Pembaur v. City of Cincinnati.

66. This Second Amended Complaint supersedes and corrects the initial petition filed in the District Court of Leavenworth County, which Defendants removed to this Court.

67. All Defendants are sued in their official capacities only.

---

## SECTION V — PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and award the following relief:

## A. Declaratory Relief

68. Declare that Defendants' retention, misuse, and refusal to investigate or disclose records related to Plaintiffs' IRS Schedule F and business plan violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment and 42 U.S.C. § 1983.

Declare that Defendants' unequal application of zoning and tax regulations to a federally protected agricultural entity violates the Fourteenth Amendment and federal agricultural policy.

69.    Declare that Defendants' actions are inconsistent with federal agricultural policy under 7 U.S.C. § 1621 et seq. and preempted by the Supremacy Clause.

70.    Declare that Plaintiffs Bryan Zesiger, Dr. Gina Montalbano Zesiger, and Z&M Twisted Vines Winery and Vineyard, LLC operate a federally recognized and state-certified agricultural enterprise entitled to equal protection and due-process safeguards.

**B. Injunctive Relief**

71.    Order Defendants to:

    a.    Identify and produce all physical and digital locations where Plaintiffs' records are or were stored;

    b.    Disclose all personnel with access to the records from 2018–present;

    c.    Return or destroy all copies of Plaintiffs' materials under sworn certification;

    d.    Submit affidavits from all employees involved in the storage, access, or handling of Plaintiffs' confidential materials; and

    e.    Cease and desist from further use of Plaintiffs' proprietary data in any regulatory or taxation context.

**C. Compensatory and Equitable Relief**

72.    Award compensatory damages in an amount to be proven at trial, estimated to exceed $50,000, for emotional distress, reputational harm, litigation delay, and deprivation of rights.

73.    Award court costs and reasonable attorney's fees under 42 U.S.C. § 1988(b).

74.    Grant any further relief this Court deems just and equitable, including the right to amend as additional facts and records are uncovered.

---

Plaintiffs bring this action in good faith to vindicate constitutional rights, safeguard federally protected agricultural interests, and ensure that local governments entrusted with private data are held accountable to both federal and Kansas law.

IT IS SO SUBMITTED.

---

**SECTION VI — VERIFICATION AND SIGNATURE**

Respectfully submitted this 28th day of October, 2025.

*Bryan C. Zesiger*

Bryan Zesiger, Pro Se
24305 Loring Road

Lawrence, Kansas 66044
(719) 244-3048
ZMTwistedVines@gmail.com

*Dr. Gina Montalbano*

Dr. Gina Montalbano Zesiger, Pro Se
24305 Loring Road
Lawrence, Kansas 66044

---

**SECTION VII. PRO SE CONSTRUCTION AND JUDICIAL NOTICE**

Plaintiffs Bryan Zesiger and Dr. Gina Montalbano Zesiger are proceeding pro se and respectfully request that this pleading be liberally construed in accordance with controlling precedent.  The Supreme Court has held that pro se filings "are to be held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520–21 (1972).  The Tenth Circuit likewise instructs courts to construe pro se pleadings liberally while not assuming the role of advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

Accordingly, Plaintiffs respectfully request that this Second Amended Complaint be interpreted to afford full and fair consideration to all claims and factual allegations that can be reasonably read within its four corners, consistent with the remedial purposes of 42 U.S.C. § 1983 and the liberal construction standard mandated for pro se litigants.

---

**SECTION VIII — CERTIFICATE OF SERVICE**

Plaintiffs respectfully notify the Court that, in accordance with Fed. R. Civ. P. 4(j)(2), K.S.A. § 60-304(d)(1), and this Court's Memorandum and Order dated October 2, 2025, service of this Second Amended Complaint will be properly effected within the sixty-day period granted by the Court.

Plaintiffs have filed this pleading through the Court's CM/ECF system and will cause a true and correct copy of the Second Amended Complaint to be mailed by certified mail, return receipt requested, upon the following authorized recipients for Leavenworth County:

> Leavenworth County Board of County Commissioners
> c/o County Clerk, Leavenworth County Courthouse
> 300 Walnut Street
> Leavenworth, Kansas 66048

Service will be completed within the timeframe prescribed by the Court, and proof of service will be filed promptly thereafter.

---

**SECTION IX — EXHIBIT INDEX to be produced upon request or at discovery.**

| <u>**Exhibit**</u> | <u>**Description**</u> |
| --- | --- |
| Exhibit A | Photograph of sealed envelope returned to Plaintiffs, April 23, 2025 |
| Exhibit B | Video footage showing return of business plan by County employee |
| Exhibit C | KORA Exhibit K109 — Plaintiffs' denied request and County's response |