IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRYAN ZESIGER and GINA MONTALBANO ZESIGER,**<br><br>   **Plaintiffs,**<br><br>   **v.**<br><br>**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, et al.,**<br><br>   **Defendants.** | **Case No. 2:25-CV-02323-JAR-RES** |

## MEMORANDUM AND ORDER

Plaintiffs Bryan Zesiger and Gina Montalbano Zesiger, proceeding *pro se*, bring this action against Defendants the Board of County Commissioners of Leavenworth County, Kansas; Misty Brown in her official capacity as the Leavenworth County Counselor; and Melissa Johnson in her official capacity as an employee of the Leavenworth County Planning and Zoning Department.  Plaintiffs allege that Defendants' tax classification of Plaintiffs' property and imposition of a special use permit ("SUP") violated the United States Constitution.  The Court previously dismissed Plaintiffs' federal claims under Fed. R. Civ. P. 12(b)(6) and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, but granted Plaintiffs leave to amend.[1]  Plaintiffs thereafter filed two amended pleadings, the most recent of which is their Revised Second Amended Complaint.[2]

This matter is now before the Court on Defendants' Motion to Dismiss (Doc. 20) Plaintiffs' Revised Second Amended Complaint under Fed. R. Civ. P. 12(b)(6), as well as

---

[1] Doc. 9.

[2] Doc. 15.

Plaintiffs' Motion for Partial Summary Judgment and Judicial Notice (Doc. 19), Motion for Temporary Restraining Order (Doc. 22), Motion to Supplement the Record in Support of Pending Motion for Temporary Restraining Order (Doc. 26), and Motion to Supplement the Record and Request for Judicial Notice in Support of Pending Motion for Temporary Restraining Order (Doc. 29).  For the reasons explained below, the Court grants Defendants' motion to dismiss and denies Plaintiffs' motions as moot.

## I.    Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[3] and include "enough facts to state a claim to relief that is plausible on its face."[4]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[5]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6]  The Court must accept the non-moving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]  The Court will view all well-pleaded factual allegations in the light most favorable to Plaintiffs.[8]  And because Plaintiffs proceed *pro se*, the Court must construe their filings liberally and hold them to a less stringent standard than formal pleadings drafted by

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Id.* at 570.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678.

[8] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

attorneys.[9]  However, Plaintiffs' *pro se* status does not excuse them from complying with federal and local rules.[10]

## II.    Background

The following facts are alleged in Plaintiffs' Revised Second Amended Complaint.[11]  For purposes of deciding this motion, the Court assumes these facts to be true and draws all reasonable inferences in Plaintiffs' favor.

Plaintiffs Bryan Zesiger and Gina Montalbano Zesiger are agricultural producers recognized by the United States Department of Agriculture ("USDA") under Farm Service Agency Farm No. 8994.  Plaintiffs conduct agricultural operations in Leavenworth County, Kansas, including viticulture, enology, and agritourism activities.  Their property has been recorded and taxed as agricultural land throughout their ownership, and the USDA has recognized the enterprise through programs supporting specialty-crop farming, small-farm innovation, and agritourism.

Despite those designations, at an unspecified time, Defendants imposed an SUP on Plaintiffs' property and classified it as commercial for tax purposes while assessing adjacent agricultural properties at the statutory agricultural rate.  No other vineyard, winery, or agricultural producer in Leavenworth County was subject to the same SUP requirement.  Although Defendants reclassified Plaintiffs' property from commercial to agricultural in 2024, they did not reassess the property retroactively to 2020.

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[11] Doc. 15.

Between 2018 and 2022, Defendants obtained and retained Plaintiffs' confidential federal agricultural records, including IRS Schedule F filings and proprietary business-plan materials submitted for USDA programs.  In 2019, Defendants used those materials to justify the SUP requirement and commercial tax status.  Between 2020 and 2022, Plaintiffs repeatedly sought copies of those records through requests made under the Kansas Open Records Act ("KORA"), but Defendants did not provide the requested materials in response.

At an unspecified time, the Leavenworth County Board of County Commissioners convened a meeting regarding Plaintiffs' vineyard and winery operations and declined Plaintiffs' request to treat Plaintiffs' operations as agricultural.  Plaintiffs then submitted multiple written requests and emails to Defendants asking that the SUP be dissolved, attaching a letter from the Kansas Department of Agriculture stating that no SUP was required for Plaintiffs' operations. Defendants did not dissolve the SUP.

As a result of Defendants' actions, Plaintiffs have suffered financial injury, over-taxation, compliance costs, loss of federal grant eligibility, impairment of federal program standing, and reputational harm.

## III.    Discussion

In the Revised Second Amended Complaint, Plaintiffs assert the following federal claims under 42 U.S.C. § 1983 arising from Defendants' actions related to Plaintiffs' property: (1) violation of procedural due process (Count I); (2) violation of substantive due process (Count II); (3) denial of access to courts (Count III); (4) violation of equal protection (Count IV); and (5) municipal liability (Count V).  In addition to their § 1983 claims, Plaintiffs assert that federal law regulating the classification and taxation of agricultural enterprises preempts Defendants' actions under the Supremacy Clause (Count VI).   Plaintiffs' response to Defendants' motion to dismiss

does not address their Supremacy Clause claim.  The Court therefore considers that claim abandoned and dismisses it.[12]  As to the remaining § 1983 claims, Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that they are barred by the applicable statute of limitations.

"A statute of limitations defense 'may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'"[13]  Congress has not enacted a statute of limitations for claims under § 1983, but federal courts apply the forum state's statute of limitations for personal injury actions to such claims.[14]  State law also governs questions of tolling, unless state tolling rules would "defeat the goals" of § 1983.[15]  Federal law, however, determines when § 1983 claims accrue.[16]

In Kansas, the statute of limitations for personal injury actions is two years.[17]  Under federal law, § 1983 claims generally accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[18]  "[I]t is not necessary that a claimant know all of

---

[12] *C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) ("The district court correctly dismissed Plaintiff's facial challenge here because he abandoned it by not addressing it in his response to Defendants' motion to dismiss."); *Cortishae-Eier v. Ford Motor Co.*, No. 23-3081-EFM-TJJ, 2023 WL 5625311, at *3 (D. Kan. Aug. 31, 2023) (finding plaintiff abandoned some claims by "fail[ing] to substantively respond" on motion to dismiss).

[13] *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (alteration in original) (quoting *Lee v. Rocky Mountain UFCW Unions & Emps. Tr. Pension Plan*, No. 92-1308, 1993 WL 482951, at *1 (10th Cir. Nov. 23, 1993)).

[14] *Barnett v. Corr. Corp. of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011); *see also Lyons v. Kyner*, 367 F. App'x 878, 881–82 (10th Cir. 2010).

[15] *Hardin v. Straub*, 490 U.S. 536, 539 (1989).

[16] *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

[17] K.S.A. § 60-513(a)(4).

[18] *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (quoting *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993)).

the evidence ultimately relied on for the cause of action to accrue,"[19] and "[t]he cause of action accrues even though the full extent of the injury is not then known or predictable."[20]

Here, Plaintiffs commenced this action on May 16, 2025.  The two-year statute of limitations therefore bars § 1983 claims that accrued before May 16, 2023.  Liberally construing the Revised Second Amended Complaint, Plaintiffs' claims center around Defendants' (1) imposition of the SUP on Plaintiffs' property; (2) classification of Plaintiffs' property as commercial, rather than agricultural, for tax purposes; and (3) acquisition and retention of Plaintiffs' USDA application materials and IRS Schedule F filings, and their subsequent failure to provide Plaintiffs access to those materials despite their repeated requests.

Defendants argue that Plaintiffs' § 1983 claims accrued when these events occurred.  The Court agrees.  Plaintiffs plead that Defendants retained their federal records between 2018 and 2022, and that between 2020 and 2022 Plaintiffs repeatedly sought copies of those records through KORA requests but Defendants refused to produce them.  On the face of the pleading, Plaintiffs therefore knew or had reason to know of the injury stemming from Defendants' retention and non-production of those records no later than 2022, which is outside the two-year limitations period.

Furthermore, the Revised Second Amended Complaint does not plead the specific date Defendants imposed the SUP or began classifying Plaintiffs' property as commercial for tax purposes.  However, Plaintiffs allege that Defendants reclassified their property as agricultural in 2024 but did not reassess the property retroactively to 2020, which indicates the challenged commercial classification existed by 2020 at the latest.  In addition, Defendants submit filings

---

[19] *Baker*, 991 F.2d at 632 (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 645 (5th Cir. 1988)).

[20] *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1216 (10th Cir. 2014) (alteration in original) (quoting *Wallace*, 549 U.S. at 391).

from the Leavenworth County District Court showing that Plaintiffs challenged Leavenworth

County's zoning treatment and the imposition of the SUP by filing a petition on October 3, 2022,

seeking a declaratory judgment determining that Leavenworth County zoning regulations do not

apply to Plaintiffs' agricultural use of their property and dissolution of the SUP.[21]  At minimum,

those state-court filings confirm Plaintiffs knew or had reason to know of the asserted injuries

stemming from the SUP requirement no later than October 3, 2022, again outside the limitations

period.

In response to Defendants' statute-of-limitations argument, Plaintiffs do not identify any

dates bringing the challenged conduct within the limitations period, nor do they dispute that

Defendants classified their property as commercial and imposed the SUP requirement before

Plaintiffs filed their first lawsuit on October 3, 2022.  Instead, Plaintiffs contend that the

continuing violation doctrine applies because Defendants' ongoing enforcement of the SUP and

continued taxation of the property as commercial constitute a "continuing constitutional injury,

not a single, completed past act."[22]  However, this argument fails.

In *Epcon Homestead, LLC v. Town of Chapel Hill*,[23] the Fourth Circuit rejected a similar

effort to avoid the statute of limitations by characterizing ongoing enforcement of an SUP

condition as a continuing violation.  There, a municipality required housing developers seeking

an SUP to either set aside a portion of a development for affordable housing or pay a fee in lieu

---

[21] Doc. 21-1 at 2 (Plaintiffs' Petition in Leavenworth County District Court Case No. 2022-CV-256).  The Court may take judicial notice of facts that are a matter of public record without converting a Rule 12(b)(6) motion into one for summary judgment.  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  This includes records from state court proceedings.  *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1232–33 (D. Kan. 2016) (taking judicial notice of state court proceedings where complaint alleged no dates to determine accrual for statute-of-limitations analysis).

[22] Doc. 24 ¶ 22.

[23] 62 F.4th 882, 886–89 (4th Cir. 2023).

of the set-aside.[24]  The plaintiff acquired property subject to that permit condition beginning in 2015 and later made fee-in-lieu payments in installments from 2017 to 2019.[25]  The plaintiff filed suit in October 2019 and argued its § 1983 takings and due process claims accrued when it began making the fee payments because those payments constituted the alleged constitutional injury.[26]

The Fourth Circuit disagreed and held that the claims accrued no later than when the plaintiff began acquiring the property subject to an SUP condition because that was when the plaintiff knew or should have known of the alleged injury.[27]  The court further rejected the plaintiff's argument that each installment payment constituted a continuing wrong, explaining that "the payments were exactly what the continuing wrong doctrine is not: the continual ill effects from an original violation" established by the SUP condition, rather than new constitutional violations that restart the limitations period.[28]

The same reasoning applies here.  Plaintiffs' asserted constitutional injuries stem from Defendants' imposition of the SUP requirement and its classification of Plaintiffs' property as commercial for tax purposes.  Plaintiffs knew or had reason to know of the asserted injuries when the SUP requirement and commercial classification were imposed, which was no later than October 3, 2022, when Plaintiffs challenged Defendants' zoning treatment and the SUP requirement in state court.  Plaintiffs therefore cannot avoid the statute of limitations by characterizing Defendants' continued enforcement of the SUP and continued taxation of the

---

[24] *Id.* at 884.

[25] *Id.* at 885.

[26] *Id.* at 886.

[27] *Id.* at 887–88.

[28] *Id.* at 889 (citation modified); *see also 2701 Mt. Glen CT, LLC v. City of Woodland Park*, 856 F. App'x 141, 144 (10th Cir. 2021) (affirming summary judgment on statute-of-limitations grounds where § 1983 claim accrued in 2014, when the municipality approved the conditional use permit).

property as commercial as a continuing constitutional injury.  As in *Epcon*, those ongoing consequences are "continual ill effects from an original violation" established by Defendants' earlier decisions, not new constitutional violations that restart the limitations period.[29]

Accordingly, the Court finds that Plaintiffs' § 1983 claims accrued no later than October 3, 2022, and are therefore barred by Kansas's two-year statute of limitations.  Plaintiffs thus fail to state a claim upon which relief can be granted on Counts I through V, and those claims are dismissed under Rule 12(b)(6).  Furthermore, having dismissed all claims in this action, the Court denies all of Plaintiffs' pending motions as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 20) is **granted**.  The Clerk is directed to enter judgment in favor of Defendants and terminate this action.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment and Judicial Notice (Doc. 19), Motion for Temporary Restraining Order (Doc. 22), Motion to Supplement the Record in Support of Pending Motion for Temporary Restraining Order (Doc. 26), and Motion to Supplement the Record and Request for Judicial Notice in Support of Pending Motion for Temporary Restraining Order (Doc. 29) are **denied as moot**.

**IT IS SO ORDERED.**

Dated: March 13, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[29] *Epcon*, 62 F.4th at 889.