## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **BRYAN ZESIGER and GINA MONTALBANO ZESIGER,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, et al.,**<br><br>    **Defendants.** | **Case No. 2:25-CV-02323-JAR-RES** |

## MEMORANDUM AND ORDER

Plaintiffs Bryan Zesiger and Gina Montalbano Zesiger, proceeding *pro se*, brought this action against Defendants the Board of County Commissioners of Leavenworth County, Kansas; Misty Brown, in her official capacity as Leavenworth County Counselor; and Melissa Johnson, in her official capacity as an employee of the Leavenworth County Planning and Zoning Department. Plaintiffs alleged that Defendants' classification of their property for tax purposes and imposition of a special use permit violated the United States Constitution. The Court previously granted Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) and entered judgment in Defendants' favor.[1] This matter is now before the Court on Plaintiffs' Motion to Supplement the Record for Appellate Purposes and Request for Judicial Notice (Doc. 33).

Plaintiffs move under Fed. R. App. P. 10(e)(2) to supplement the record on appeal with a copy of a Kansas Board of Tax Appeals decision, Docket No. 2022-1396-EQ. However, Plaintiffs' motion is moot for two reasons.

---

[1] Docs. 31, 32.

First, a copy of that decision is already part of the record because Plaintiffs previously attached it as an exhibit to their motion for temporary restraining order.[2]  Under Rule 10(a), the record on appeal consists of "the original papers and exhibits filed in the district court," and Rule 10(e)(2) permits correction only when something material has been "omitted from or misstated in the record by error or accident."[3]  Here, there is nothing to correct because a copy of the decision Plaintiffs seek to add is already in the record.

Second, no appeal is currently pending.  Rule 10 concerns the "record on appeal," and an appeal is taken only by filing a notice of appeal.[4]  Here, Plaintiffs have not filed a notice of appeal.  And "[s]imply put, a district court may not supplement a trial record unless an appeal is pending."[5]  Accordingly, because the document Plaintiffs seek to add is already part of the trial record, and because no appeal is currently pending, the motion is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Supplement the Record for Appellate Purposes and Request for Judicial Notice (Doc. 33) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: April 7, 2026

<div style="margin-left:50%">

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

</div>

---

[2] Doc. 22-1 at 4–13.

[3] Fed. R. App. P. 10(a)(1), (e)(2).

[4] Fed. R. App. P. 3(a)(1), 10(a).

[5] *Walsh v. Timberline S. LLC*, 643 F. Supp. 3d 744, 748 (E.D. Mich. 2022).